Harper, J.
delivered the opinion of the Court.
The presiding judge was certainly correct in his opinion, that the rule caveat emptor applies to purchasers at sheriffs’ sales. There is no implied warranty even of the right of property at such sales. The defendant would have been bound by his bid, even if Dunkley had had no interest whatever in the land, provided there were no fraud or misrepresentation; and it cannot make the matter worse that he had an equitable interest. Defendant seems to have known all the circumstances of the title.
The Act of Assembly which authorizes the sheriff to re-seli property sold by him, when the terms of sale are not complied with, does not deprive him of the right which he had before, to hold the purchaser to his contract, and to bring an ac *404 tion for the breach of it. But the presiding judge supposes that the sheriff could not sustain the action, unless he had offered to make title. Certainly the defendant was not bound to pay his money without receiving title; and if, upon the day of sale, he had attended at the sheriff’s office and offered to pay upon title’s being made, and the sheriff had neglected or refused to make it, the action could not be maintained. But the law does not intend, nor would it be compatible with the duties of his office, that the sheriff should seek out every purchaser, wherever he may be found, in order to make a tender of title. It is enough if he attends at his office, ready to make title when the purchaser shall offer to pay the money; and the law supposes him so to attend, unless the contrary be shewn. If, on a contract to sell land, there be a time and place appointed at which the vendor shall attend to make title and the purchaser to pay the money, and the vendor attends accordingly ready to make title, but the vendee fails to attend, here is a breach of contract on which an action may at once be brought, and the purchaser must be left to such remedy as he may possess, to obtain a title. But instead of being fixed by the contract of the parties, it is the law, which in cases like the present, fixes the time and place ; to wit, the day of sale and the sheriff’s office, where the sheriff in this instance is presumed to have attended.
The motion must therefore be granted.
Johnson and O’Neall. Js. concurred.